UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00084-FDW-DCK

| | |
|---|---|
| LAUREN SWARINGER, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>PSA AIRLINES, INC., )<br>)<br>    Defendants/Counterclaimants. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant PSA Airlines, Inc.'s Motion to Dismiss (Swaringer v. PSA Airlines, Inc., No. 3:19-cv-00084-FDW-DCK, Doc. No. 6) (hereafter "Swaringer III") pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Plaintiff appears *pro se*, the Court issued a Roseboro notice, (Swaringer III, Doc. No. 12), informing Plaintiff of the burden she carries in responding to Defendant's Motion. Plaintiff has responded, (Swaringer III, Doc. No. 13), Defendant has replied, (Swaringer III, Doc. No. 14), and this motion is now ripe for review. For the reasons stated below, Defendant's motion is GRANTED.

I.     BACKGROUND

On February 19, 2019, Plaintiff filed a *pro se* Complaint for a Civil Case against Defendant PSA Airlines, Inc. (Swaringer III, Doc. No. 1).[1] This filing is the third action by Plaintiff in this

---

[1] The Court notes that Plaintiff's Complaint for a Civil Case is substantially similar to the document this Court construed in Swaringer II as a Surreply without leave of the Court (Swaringer II, Doc. No. 18). That Surreply was not addressed previously because it was impermissible under this Court's Local Rule 7.1(e).

1

Court against PSA alleging injuries arising out of a uniform PSA distributed to her during her employment. Plaintiff's complaint in this matter includes a copy of her complaint filed in Mecklenburg County Superior Court on July 30, 2018 alleging medical conditions including "angioedema that has progressed to anaphylaxis" and various complications, though no other attachments are included with the complaint (Swaringer III, Doc. No. 1, p. 15).

PSA removed Plaintiff's first complaint from the Superior Court for Mecklenburg County, North Carolina to this Court on August 30, 2018 based on diversity jurisdiction (Swaringer v. PSA Airlines, Inc., No. 3:18-cv-00481-FDW-DCK) (hereafter "Swaringer I"). (Swaringer I, Doc. No. 1). The Court dismissed Plaintiff's first action without prejudice on October 24, 2018 after issuing a Roseboro notice and Plaintiff failing to timely respond (Swaringer I, Doc. No. 10). The Court also noted in that dismissal that Plaintiff had filed another lawsuit in this Court on October 1, 2018 (Swaringer v. PSA Airlines, Inc., No. 3:18-cv-00531-FDW-DCK) (hereafter "Swaringer II") alleging substantially identical facts as the first action, but Plaintiff did not file an Amended Complaint responding to Defendant's Motion to Dismiss (Swaringer I, Doc. No. 10 n.1). The Court then dismissed Plaintiff's second action without prejudice on February 13, 2019 pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Swaringer II, Doc. No. 19).

Defendant again moves this Court to dismiss this action under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim (Swaringer III, Doc. No. 6).

## II. STANDARD OF REVIEW

A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides

for the dismissal of claims where the Court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time by a litigant or the court itself. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

B.  Rule 12(b)(6)

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff has not stated a claim that is recognized by law. Documents attached as exhibits to the complaint or incorporated by reference in the complaint may be considered when resolving a motion pursuant to Rule 12(b)(6) without converting the motion into one for summary judgment. Zak v. Chelsea Therapeutics Intern. Ltd., 780 F.3d 597, 606 (4th Cir. 2015). An outside document may be considered for a 12(b)(6) ruling if it is integral and explicitly relied on in the complaint and there is no challenge to the document's authenticity." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011).

3

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Id. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citation omitted). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. On the other hand, a plaintiff's legal conclusions are not entitled to a presumption of truth. Id. at 678.

"Complaints filed by *pro se* plaintiffs are [generally] construed more liberally than those drafted by an attorney." Berry v. Gutierrez, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). Thus, when considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir.2008) (quoting Twombly, 550 U.S. at 555).

## II. ANALYSIS

Defendant argues in support of its Motion to Dismiss that the Court lacks subject matter

4

jurisdiction because Plaintiff failed to exhaust administrative remedies under the North Carolina Workers' Compensation Act (NCWCA). (Swaringer III, Doc. No. 7, p. 4). The NCWCA provides the exclusive remedy for injuries suffered by employees in the course of their employment. See N.C. Gen. Stat. § 97–10.1; Sturdivant v. Dover Elevators, 2000 WL 1811610, at *1 (W.D.N.C. Aug. 1, 2000) ("North Carolina courts are generally without jurisdiction to hear employee injury claims, which instead must be heard by the North Carolina Industrial Commission.") (citing Lee v. American Enka Corp., 193 S.E. 809, 812–13 (N.C. 1937). Plaintiff, an employee of Defendant, alleges that Defendant provided uniforms to employees that contained harmful chemicals and that Plaintiff was injured as a result—that is, her injury arose during the course of her employment. Thus, it is clear to the Court that the NCWCA provides the exclusive remedy for Plaintiff's alleged injury. See N.C. Gen. Stat. § 97–10.1; see generally Travelers Ins. Co. v. Noble Oil Servs., Inc., 42 F.3d 1386, 1994 WL 684031, at *1 (4th Cir. 1994) (unpublished table decision).

North Carolina courts, however, have recognized an exception to the exclusivity provision of the NCWCA where the employer engaged in "misconduct that is substantially certain to cause serious injury or death." Woodson v. Rowland, S.E.2d 222, 228 (N.C. 1991) ("[W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act."). However, "[t]his exception applies only in the most egregious cases of employer misconduct. Such circumstances exist where there is uncontroverted evidence of the employer's *intentional* misconduct and where such

5

misconduct is substantially certain to lead to the employee's serious injury or death." Whitaker v. Town of Scotland Neck, 597 S.E.2d 665, 669 (N.C. 2003). Thus, Plaintiff must allege more than "'willful, wanton[,] and reckless negligence' to maintain a claim in tort against an employer, when the parties are subject to the Act." Blow v. DSM Pharmaceuticals, Inc., 678 S.E.2d 245, 248 (N.C. Ct. App. 2009) (citing Pendergrass v. Card Care, Inc., 424 S.E.2d 391, 395 (N.C. 1993)).

This Court again finds that Plaintiff's alleged facts do not warrant application of the Woodson exception. Here, Plaintiff alleges that her uniform contained "low levels" of "Formaldehyde, Dimethyl fumarate, Diisodecyl fumarate, Various heavy metals (including nickel, cadmium, arsenic, lead, cobalt, chromium, antimony), Disperse dyes (recognizing that there is a long list…) and etc." (Swaringer III, Doc. No. 1, p. 7). Although Plaintiff insists that PSA "knew with substantial certainty that the uniforms had been tested to contain these dangerous chemicals," she also alleges only that the "chemicals contained in the garments can cause harm if continued direct exposure for an extended period of time" (Swaringer III, Doc. No. 1, pp. 7-8, 9).

However, Plaintiff has failed to allege any fact, nor incorporate any documentation into the Complaint by reference, that would allow the Court to infer that Defendant intentionally issued work uniforms to employees knowing that it was substantially certain to cause Plaintiff serious injury or death. In the absence of factual allegations in the Complaint to warrant applying the Woodson exception, the exclusivity provisions of the NCWCA apply, and the Court lacks jurisdiction.[2] See Allen v. Int'l Bus. Machines Corp., 308 F. Supp. 2d 638, 645-47 (M.D.N.C. 2004) (holding that the NCWCA exclusivity provision barred plaintiff's claim that defendant

---

[2] To the extent Plaintiff attempts to incorporate new factual allegations and documentation into her briefing that are not set forth in or attached to her Complaint, the Court declines to consider such allegations for purposes of Defendant's motion to dismiss. See Zak, 780 F.3d at 606-07 (A motion to dismiss considers the sufficiency of allegations set forth in the complaint and "documents attached or incorporated into the complaint.") (citations omitted).

knowingly subjected plaintiff to hazardous working conductions, that is toxic mold).

Further, because Plaintiff failed to adequately plead a <u>Woodson</u> claim, the Court also grants Defendant's motion to dismiss pursuant to Rule 12(b)(6). <u>See</u> <u>Blow</u>, 424 S.E.2d at 249 ("Due to the exclusivity of the Act, in order for Plaintiff to succeed on Defendant's motion to dismiss pursuant to Rule 12(b)(1), Plaintiff must have adequately pled a <u>Woodson</u> claim pursuant to Rule 12(b)(6)."). Accordingly, the Court GRANTS Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (<u>Swaringer III</u>, Doc. No. 6) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to refile with sufficient facts to establish subject matter jurisdiction and state a claim upon which relief can be granted.

IT IS SO ORDERED.

Signed: September 25, 2019

Frank D. Whitney
Chief United States District Judge